**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

FILED
APR 25 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Ronnie D. Holley,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:11cv617 (LO/TRJ)** |
| | ) | |
| **Harold W. Clarke,** | ) | |
| **Respondent.** | ) | |

MEMORANDUM OPINION

Ronnie D. Holley, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a jury trial in the Circuit Court for the City of Norfolk, Virginia. On December 14, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petitioner's claims must be dismissed.

## I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Norfolk, entered on April 23, 2004. CR03002910. Following trial, a jury convicted petitioner of carjacking, abduction for pecuniary benefit, two counts of use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. Id. The trial court sentenced petitioner to forty-three years in prison with ten years suspended for a total active sentence of thirty-three years. Id.

On April 21, 2005, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the City of Norfolk, requesting leave to file a belated appeal. CL05000995-00. By Order dated July 5, 2005, the circuit court granted the petition. Id. Petitioner subsequently filed a belated appeal, which the Court of Appeals of Virginia denied and dismissed in a per curiam Order dated January 30, 2007. R. No. 1947-06-1. The Virginia Supreme Court denied petitioner's request for further appeal in an Order dated May 20, 2008. R. No. 072614.

On April 15, 2009, petitioner filed a second petition for writ of habeas corpus in the Norfolk Circuit Court, raising the following claims:

(A) Generally:

i. He was denied the right to counsel at a show-up and on direct appeal; and

ii. He was denied an attorney when the trial court allowed counsel to withdraw at sentencing, as a result of which the judgment is void for lack of jurisdiction.

(B) His attorney was ineffective in that he:

i. Failed to move to withdraw because of a conflict of interest;

ii. Made peremptory strikes of potential jurors based on race or gender;

iii. Failed to interview and subpoena witnesses for petitioner;

iv. Failed to subpoena the security video of the 7-11 where the crime took place;

v. Failed to adequately argue a motion to suppress the out-of-court identification of Holley by the victim;

vi. Failed to request exculpatory evidence;

vii. Failed to discover during voir dire if a prospective juror had biased views towards violent crimes involving firearms;

viii. Failed to object to the prosecutor's peremptory strikes as based on race and gender;

ix. Failed to present Holley's character witnesses;

x. Failed to present mitigation evidence;

xi. Failed to object to prosecutorial misconduct;

xii. Failed to adequately cross-examine the Commonwealth's witnesses as to the discrepancies between their testimonies;

xiii. Failed to rebut the testimony of the Commonwealth's witnesses; and

xiv. Failed to deliver an intelligent summation of the case at closing;

(C) His appellate attorney was ineffective in that he:

i. Failed to timely file a notice of appeal;

ii. Failed to argue the show-up was unduly suggestive;

iii. Failed to argue that Holley was the victim of prosecutorial misconduct, as stated in B(xi); and

iv. Failed to argue that the trial court erred by allowing counsel to withdraw at sentencing, as a result of which the trial court was divested of jurisdiction and Holley was denied the ability to file a 3A:15(b) motion to set aside the verdict.

See Mem. in Supp. State Pet. CL09002590-00.

The circuit court denied the petition in an Order dated June 22, 2010. The Supreme Court refused petitioner's appeal on January 18, 2011. R. No. 101767.

On May 25, 2011, petitioner filed the instant petition,[1] raising the following claims:

---

[1] For incarcerated individuals, a petition is deemed filed when it is submitted to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certifies that he submitted his petition to prison officials for mailing on May 25, 2011. See Pet. at 16, ECF No. 1.

(A) The state court erred by ruling that claims B(i)- B(xiv) were procedurally defaulted.

(B) Counsel was ineffective for making peremptory strikes of potential jurors based on race or gender.

(C) Counsel was ineffective for failing to object to the prosecutor's peremptory strikes as based on race and gender.

(D) Counsel was ineffective for failing to request exculpatory evidence.

(E) Counsel was ineffective for failing to withdraw based on a conflict of interest.

(F) Counsel was ineffective for failing to object to prosecutorial misconduct.

(G) The Virginia Supreme Court committed reversible error when it denied and dismissed claims B(xii), B(xiv), C(iv) and C(v) of the state habeas corpus petition because the cumulative effect of both trial and appellate counsels' errors denied petitioner the effective assistance of counsel.

See Mem. in Supp. Fed. Pet. Claims B-F are identical to claims B(ii), B(viii), B(vi), B(i) and B(xi) asserted by petitioner is his second state habeas petition, respectively.

**II. Exhaustion and Procedural Bar**

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

A. Claim G:

In this case, petitioner failed to exhaust claim G, in which he alleges he was prejudiced by the cumulative effect of trial and appellate counsels' alleged errors, because he failed to present the claim to the Supreme Court of Virginia on either direct appeal or in his state habeas petition. This does not end the exhaustion analysis, however, because a "claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," this will "prevent[] federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A

petitioner may nonetheless overcome procedural default and have his claim addressed on the merits by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 592, 602 (4th Cir. 1996).

In this case, if petitioner were to attempt to now assert claim G in a state habeas petition, it would be barred as untimely and successive under Va. § 8.01-654(A)(2) and § 8.01-654(B)(2), respectively. The Fourth Circuit has held that the procedural default rules set forth in both § 8.01-654(A)(2) and (B)(2) constitute adequate and independent state-law grounds for decision. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). Accordingly, claim G is barred from federal habeas review absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

In an attempt to save his claim from dismissal, petitioner argues in his Response that he properly exhausted claim G before the Virginia Supreme Court. Petr's Resp. at 4-6, ECF No. 22. Petitioner contends that because he individually raised claims B(xii), B(xiv), C(iv) and C(v) in his state habeas petition he "has every right to argue the cumulative effects of these . . . claims satisfies the 2-prong test of Strickland" in his federal habeas petition. Id. at 5. Petitioner's argument misunderstands the exhaustion requirement, however. As discussed above, proper exhaustion requires the petitioner to present the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Therefore, contrary to petitioner's contention, merely raising several individual claims regarding counsels' alleged errors in a state

habeas petition is not the same, so far as the exhaustion doctrine is concerned, as arguing in a federal habeas petition that the cumulative effect of those errors prejudiced the petitioner. Thus, because petitioner failed to specifically assert a claim regarding the cumulative effect of counsels' alleged errors, he failed to present the same operative facts and controlling legal principles to the Supreme Court of Virginia and his claim is unexhausted. See, e.g., Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997). Furthermore, petitioner fails to establish cause and prejudice to excuse his procedural default. Consequently, claim G will be dismissed from the petition.

B. Claims B - F and Claim A:

Claims B - F in the instant petition are identical to claims B(ii), B(viii), B(vi), B(i) and B(xi) asserted by petitioner is his second state habeas petition, respectively. When petitioner presented these claims in his second state habeas petition, the Circuit Court for the City of Norfolk concluded that the claims were procedurally defaulted due to petitioner's failure to raise them in his first state habeas corpus petition, as required at the time by former § 8.01-654(B)(2).[2]

A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided

[2] On July 1, 2005, the Virginia General Assembly amended § 8.01-654(B)(2) to allow a prisoner to file a first habeas petition, limited to the claim that he was denied the right to appeal without barring him from filing a second petition. However, in this case, petitioner filed his state habeas petition on April 21, 2005, before the July 2005 amendment. Therefore, he was required under § 8.01-654(B)(2) to include all claims known to him. Furthermore, the state circuit court found that the 2005 amendment to § 8.01-654(B)(2) did not apply retroactively to petitioner. The state court explained, "Virginia appellate courts have made it clear that 'retroactive laws are not favored, and that a statute is always construed to operate prospectively unless a contrary legislative intent is manifest.'" R. No. CL09002590, at 8 n.2 (citing Berner v. Mills, 265 Va. 408, 413, 579 S.E.2d 159, 161 (2003), McIntosh v. Commonwealth, 213 Va. 330, 331-32, 191 S.E.2d 791, 792 (1972) ("It is reasonable to conclude that the failure to express an intention to make a statute retroactive evidences a lack of such intention."), Wiggins v. Va Dep't of Corr., 190 Fed. App'x 295, 296 (4th Cir. 2006) (refusing to apply § 8.01-654(B)(2) amendment retroactively because neither the statute nor any ruling of the Virginia Supreme Court allows for retroactive application.)).

two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the state court explicitly relied on Va. Code § 8.01-654(B)(2) when denying petitioner relief.[3] No. CL09002590-00. Additionally, the Fourth Circuit has held that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an independent and adequate state law ground for denying federal habeas relief. Clagett v. Angelone, 209 F.3d 379 (4th Cir. 2000). Although the circuit court in petitioner's case went on to discuss and reject claims B - F on the merits in the alternative, this Court is not required to do so. It is well established that when a state court has ruled in the alternative that a claim is both procedurally defaulted and without merit, a federal court on habeas review should apply the procedural bar. As the Supreme Court has explained,

> [A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S. Ct. 183, 184, 80 L.Ed. 158 (1935). Thus, by applying this doctrine to habeas cases,

[3] The Norfolk City Circuit Court's decision, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). R. No.10167.

> Sykes [433, U.S. 72, 81 (1977)] curtails reconsideration of the federal issue on federal review as long as the state court explicitly invokes a state procedural bar rule as a separate basis for its decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

Harris, 489 U.S. at 264, n. 10 (emphasis original); see also, Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994), cert. denied, 516 U.S. 1122 (1996) (holding that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits if the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."); Ferguson v. Sec'y, Dep't of Corr., 580 F.3d 1183, 1211 (11th Cir. 2009), cert. denied, __ U.S. __, 130 S. Ct. 3360 (2010) ("Additionally, although the court discussed the merits of Ferguson's ... claim, we can still apply the state procedural bar since it couched its discussion of the procedural bar in the alternative."). Therefore, claims B - F of the petition are procedurally defaulted from federal habeas review, absent cause and prejudice for the default, or a showing that a fundamental miscarriage of justice would occur absent such review.

Petitioner argues that the Virginia Supreme Court "committed reversible error" when it denied petitioner's claims based on procedural default. Although petitioner raises this argument as an independent claim in his federal habeas petition, see Fed. Pet. at 4, it is clear that he intends to assert it as cause and prejudice for excusing his procedural default.[4] Specifically, petitioner argues that when he filed his first state habeas petition he believed that under Virginia law he was

---

[4] Even if petitioner's argument were considered an independent and freestanding claim, it would not be cognizable on federal habeas review. It is well settled that a federal habeas court will not review a state court's finding of procedural default or question "whether the state court properly applied its own law." Barnes v. Thompson, 58 F.3d 971, 974 n.2 (4th Cir. 1995) (citations omitted); see also Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]aims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.")

not required to raise any claim that was not related to his request to file a belated appeal. Therefore, petitioner contends that his decision not to raise the claims in his first habeas petition was "entirely proper." Mem. in Supp. Fed. Pet. at 5, ECF No. 2. Additionally, petitioner does not allege that he was unaware of the claims at the time he filed his first state habeas petition or "that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To the contrary, petitioner readily concedes that he affirmatively "chose" not to file the additional claims because they were unrelated to his request for a belated appeal. See Mem in Supp. Fed. Pet. at 7, see also id. at 5, 10. Thus, petitioner has not demonstrated, or even alleged, cause and prejudice sufficient to overcome his procedural default. Accordingly, claims B - F of this petition must be dismissed.

## III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed. An appropriate Order shall issue.

Entered this 25th day of April 2012.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge